### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LAWRENCE BLACK,<br><br>    Plaintiff,<br><br>Vs.<br><br>RSB EQUITY GROUP, LLC AND CYNTHIA PHILIPS, Jointly and Severally,<br>    Defendants.<br><br>REX C. ANDERSON, ESQ. (P47068)<br>REX ANDERSON, PC<br>Attorney for Plaintiff<br>9459 Lapeer Road Suite 101<br>Davison, MI 48423<br>810-653-3300<br>mied@rexandersonpc.com | CASE NO.:<br>JUDGE: |

### <u>COMPLAINT & JURY DEMAND</u>

*Lawrence Black states the following claims for relief:*

### <u>JURISDICTION</u>

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k (d), 28 U.S.C. §1332(a); and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); out of the invasions of Plaintiff's personal privacy; out of violations of the Michigan Occupation Code ("MOC"), MCL 339.901 *et seq*. by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### <u>PARTIES</u>

4. Plaintiff, Lawrence Black, (hereinafter "BLACK"), is a natural person who resides in the Township of Redford, County of Wayne, State of Michigan, and is protected under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt; and fits the definition

of "Consumer" which the Fair Debt Collection Practice Act was intended to protect under 15 U.S.C. § 1692a(3).

5.    Defendant, RSB Equity Group, LLC, (hereinafter "RSB") is, based upon information and belief, a Georgia Limited Liability Company and a collection agency operating from an address of 599 WEST CROSSVILLE ROAD, Suite 110, ROSWELL GA 30075, with Stephen Minisk named as it registered agent, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant, Cynthia Philips, (hereinafter "PHILLIPS") is believed to be a natural person employed by Defendant RSB as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.    Sometime within the past 3-5 years, on information and belief, Plaintiff BLACK  incurred a pay day loan from "Cash Advance Network" which was used for consumer related purchases primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

### *Collection Activities Occurred on March 20, 2012*

8.    Based upon information, belief and knowledge, sometime during the month of March 2012, the alleged debt of Plaintiff BLACK was consigned, placed or otherwise transferred to Defendant RSB for collection.

9.    Thereafter, Defendant RSB, by and through its employee collectors, including Defendant PHILLIPS, telephoned Plaintiff BLACK's mother, Annie Black at her residential phone line, 248-354-37XX, and left a voice message.

10.    Annie Black's caller ID shows that this was a "Georgia call".

11.    Defendant PHILLIPS's voice message deceptively identified her company as "UDPS" and not identify RSB Equity, LLC as calling for Lawrence Black.

12. PHIILIPS' voice message further informed Plaintiff's mother that the caller's name was "Cynthia Phillips" and that she was looking for "Lawrence Black."

13. PHIILIPS' voice message further advised that Plaintiff' owed a debt, that a complaint had been filed and that if BLACK did not immediately call back that it would be turned over to the "County" and that that his employer would be notified; or words to that effect.

14. Later that same day Defendants called Annie Black a second time.

15. On this occasion, Plaintiff's mother's recognizing the "Georgia call" on her caller Id and being irritated that she was being called about a debt that she did not owe, answered the call.

16. During this phone conversation, PHILLIPS advised Annie Black that she was calling on behalf of UDPS and that her son (PLAINTIFF) owed a debt and that if he did not pay it, then UDPS would alert the County and Mr. BLACK's employer.

17. PHILLIPS advised Annie Black that executed papers for case number 19543 would be served on her son at his home or place of employment.

18. PHILLIPS requested that Annie call her son and provide him with UDPS's telephone number and have her son call the Defendant back at 877-205-2906.

19. Based upon information and belief, just a few minutes later, PHILLIPS next called BLACK's former girlfriend, Christine Meyer, on her cell phone, (810 - 845 - 16XX).

20. On information and belief, Defendant used an automated dialing system and left multiple voice messages for Christine Meyer on her cell phone.

21. Defendant's voice messages on the cell phone of BLACK's former girlfriend, Christine Meyer also disclosed that BLACK owed a debt and if he did not pay, the "County would be alerted" and "executed papers" would be served on BLACK at his home or place of employment.

22. Around mid day, March 20, 2012, Defendants called and left two voice messages for PLAINITFF BLACK on both his residential landline answering machine and his cell phone voice mail, both messages indicating that " a complaint had been filed" with case number 19543 and it was

imperative for him or his lawyer to call them back at UDPS or the "county would be alerted" and that "execution of papers would be served at BLACK'S home or place of employment."

23.   Around mid day March 20, 2012, BLACK'S mother called PLAINTIFF and informed him that she was receiving calls from "UDPS" and that PHILLIPS had told her that he owed a debt, that the "County" and his "Employer" would be notified if he did not immediately resolve it with UDPS.

24.   Annie Black provided her son with UDPS's call back telephone number, 877-205-2906 and told him to take care of it and that she did not wish to be called by his debt collectors any more.

25.   BLACK immediately telephoned RSB as soon as he got off the phone with his mother.

26.   BLACK reached the main number of "UDPS" and the receptionist identified UDPS as the place of business for the telephone number 877-205-2906.

27.   During this call Defendant never identified itself as RSB EQUITY GROUP, LLC.

28.   BLACK asked the receptionist why they had just called him and what the call was about.

29.   The receptionist requested and took Mr. BLACK'S name and patched him through to PHILLIPS' direct line.

30.   PHILLIPS verified BLACK'S name and last four of social security number.

31.   PHILLIPS advised that she was calling in regard to a pay day loan with Cash Advance Network, and informed Plaintiff that he had originally borrowed $500.00 and that the current balance was now over $900.00.

32.   PHILLIPS proceeded to ask for payment of the debt but at no time provided the "mini-Miranda" warning, "this is an attempt to collect a debt …"

33.   BLACK asked Phillips who she worked for and Phillips identified her employer as "UDPS."

34.   BLACK advised that he had never received any letters from UDPS and requested contact information as to the original creditor.

35.   BLACK further advised that he believed that he was entitled to this information by law.

36.   In response, PHILLIPS got angry and hung up on PLAINTIFF.

37.    BLACK immediately called RSB back spoke to an unidentified male collection agent explaining that he had just been disconnected from his conversation with PHILLIPS.

38.    This unidentified male collector did not identify himself but proceeded to advise BLACK that they had tried to contact BLACK in the past.

39.    BLACK advised that he had never received any communications from UDPS in the mail or by phone.

40.    BLACK again requested written documentation of this alleged debt and who the original creditor was

41.    The unidentified agent then became angry and rude and advised that he would no longer deal with this matter and that the matter would now be escalated for action since he was forwarding the file to the front desk, or words to that effect.

42.    The unidentified agent then hung up BLACK.

43.    These communications were in violation of multiple FDCPA provisions and case law governing 3rd party contacts and communications as well as failing to provide meaningful disclosure of the Defendant's identity and purpose of calling.

44.    The above allegations were also collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

        a.    § 1692b(1). Contact of Third Party: Failed to identify themselves, or failed to state that collector is confirming or correcting location information.
        b.    § 1692b(2). Contact of Third Party: Stated that the consumer owes any debt.
        c.    § 1692b(3). Contact of Third Party: Contacted a person more than once, unless requested to do so.
        d.    § 1692c(b). With anyone except consumer, consumer's attorney, or credit bureau concerning the debt.
        e.    § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person.
        f.    § 1692e.   Any other false, deceptive, or misleading representation or means in connection with the debt collection.
        g.    § 1692e(1). Affiliated with the United States or any state, including the use of any badge, uniform or facsimile.
        h.    § 1692e(10). Any false representation or deceptive means to collect a debt or obtain information about a consumer.

      i.   § 1692 e(11) Communication fail to contain the mini-Miranda warning:  "This is an attempt to collect a debt… communication is from a debt collector."

      j.   § 1692e(14). Any name other than the true name of the debt collector's business.

      k.   § 1692 d(6) Placed telephone calls without disclosing his/her identity.

      l.   § 1692f . Any unfair or unconscionable means to collect or attempt to collect the alleged debt.

      m.   § 1692f(1). Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

      n.   § 1692g. Failure to send the consumer a 30-day validation notice within five days of the initial communication.

### *Summary*

45.    The above-detailed conduct by Defendants in telephoning Plaintiff's mother and ex-girlfriend, strangers to the debt, in an effort to collect a debt from BLACK violates numerous and multiple provisions of the FDCPA, and State law, including but not limited to the above noted FDCPA provisions amongst others.

46.    Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, sadness, grieving, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondent Superior Liability*

47.    The acts and omissions of Defendants, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

48.    The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

49.    By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

50.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## **TRIAL BY JURY**

51.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7. Fed.R.Civ.P. 38.

## **CAUSES OF ACTION**

### **COUNT I**
### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. § 1692 et seq.**

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     The foregoing acts and omissions of each and every Defendant constitute multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

54.     As a result of each and every Defendant's violations of the FDCPA, all Plaintiff are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### **COUNT II**
### **INVASION OF PRIVACY**

55.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

56.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

57. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

58. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by unlawfully contacting third parties and disclosing Plaintiff's private financial information to third parties, in an attempt to collect a debt and thereby invading and interfering with Plaintiff's privacy and familial relations.

59. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns or affairs.

60. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against these Plaintiff, resulted in invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

61. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

## COUNT III
## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

62. Plaintiff incorporates the preceding allegations by reference.

63.   Defendant RSB and its employees/agents are "collection agencies" as that term is defined in the Michigan Occupation Code ("MOC"), MCL 339.901(b).

64.   Plaintiff is a person whom the act was intended protect. MCL 339.916(1).

65.   Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Michigan Occupation Code.

66.   Plaintiff has suffered damages as a result of these violations of the Michigan Occupation Code.

67.   These violations of the Michigan Occupation Code were willful.

## COUNT IV
## NEGLIGENT HIRING AND SUPERVISION

68.   Plaintiff incorporates by reference all paragraphs of the complaint as though fully stated herein.

69.   Defendant RSB negligently and/or wantonly hired, retained, and supervised incompetent debt collectors who abused the Plaintiff and is therefore responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages sustained by them.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for all Plaintiffs;

- for an award of statutory damages of $1,000.00 each pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for all Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for all Plaintiffs;

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial and for all Plaintiffs; and

- for such other and further relief as may be just and proper.

## COUNT III
## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for all Plaintiffs; and

- for such other and further relief as may be just and proper.

## COUNT IV
## NEGLIGENT HIRING AND SUPERVISION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the negligent hiring and supervision of its employees; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated:  Friday, April 13, 2012

**REX ANDERSON PC**

By:   /s/ Rex C. Anderson
Rex C. Anderson, Esq.
Attorney for Plaintiff
9459 Lapeer Rd
Davison MI 48423
Telephone:  (810) 653-3300
Facsimile: (866) 813-4195
mied@rexandersonpc.com
(P47068)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| LAWRENCE BLACK,<br><br>                    Plaintiff,<br>Vs.<br><br>RSB Equity Group, LLC and Cynthia Philips,<br>Jointly and Severally,<br>                    Defendants.<br><br>REX C. ANDERSON, ESQ. (P47068)<br>REX ANDERSON, PC<br>Attorney for Plaintiff<br>9459 Lapeer Road Suite 101<br>Davison, MI 48423<br>810-653-3300<br>mied@rexandersonpc.com | CASE NO.:<br>JUDGE: |

## DECLARATION OF PLAINTIFF LAWRENCE T. BLACK

LAWRENCE T. BLACK state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the Civil Complaint prepared by my attorney.

3. I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

4. I believe that this Civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

5. I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

6. I have filed this Civil Complaint in good faith and solely for the purposes set forth in it.

7. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

8. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: ___4-13-2012___                    _____
                                                                LAWRENCE T. BLACK