UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Lawrence T Black,<br><br>        Plaintiff,<br><br>v.<br><br>RSB Equity Group, LLC, et al.,<br><br>        Defendants.<br><br>REX C. ANDERSON, ESQ. (P47068)<br>REX ANDERSON, PC<br>Attorney for Plaintiff<br>9459 Lapeer Road Suite 101<br>Davison, MI 48423<br>810-653-3300<br>mied@rexandersonpc.com | Case No. 2:12-cv-11671-GER-LJM<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION FOR DEFAULT JUDGMENT |

NOW COMES the Plaintiff, Lawrence T. Black, by and through his attorney, Rex Anderson, and for his Memorandum in Support of Motion for Default Judgment against the Defendant, RSB Equity Group, LLC, et al. ["RSB"], states as follows:

### I. FACTS

The following facts relevant to this motion are contained in the court's file. Pursuant to Fed. R. Evid. 201, Plaintiff requests that the court take judicial notice of the following facts:

1. Plaintiff filed the Summons and Complaint with the Clerk of Court on April 16, 2012. (*See attached* Exhibit B)

2. On April 23, 2012, Plaintiff served Defendant, RSB Equity Group, LLC, et al. (hereinafter "RSB") with the Summons and Complaint through Federal Process Servers at Defendants'



usual place of business, 11175 Cicero Drive, Ste 100, Alpharetta, GA 30022. (*See attached Exhibit C*)

3. To date, Defendant's Counsel has not filed an Answer to the Complaint in said action.

4. After service was made upon RSB at Defendants' place of business, the owner, Roy Mullman, contacted Plaintiff's counsel by phone to work out settlement terms.

5. On July 3, 2012, Plaintiff and Defendant entered into a Settlement Agreement in which Defendant was to pay Plaintiff a total of $7,500.00. (See attached Exhibit F)

6. The Settlement was to be paid to Plaintiff in a series of six monthly payments in the amount of $1,250.00 each, with a ten-day grace period for late payments.

7. As of August 27, 2012, RSB had paid a total amount of $2,500.00 and has not made any further payments.

8. As set forth in the plaintiff's complaint, this defendant contacted the plaintiff's mother and girlfriend on multiple occasions informing them that the plaintiff owed a debt and that the matter had been turned over to the local authorities and implied that criminal prosecution and imprisonment was imminent.

## II. ARGUMENT

A. **Plaintiff is entitled to a monetary judgment plus costs of collection.**

This FDCPA case has essentially been converted to contract claim. As such, the settlement agreement (attached as Exhibit F) is admissible proof of the basic elements of a contract, specifically (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. Based upon this agreement, Plaintiff refrained from defaulting the defendant in hopes that the settlement agreement would be performed. Now, it is apparent that the Defendant has no intention of completing performance of

the contract as it has not returned the undersigned's telephone calls or responded to our correspondence since August 25, 2012. This defendant initially warned the undersigned that he would make plaintiff spend money to obtain an "empty" judgment and that he knew how to get judgment proof. See Exhibit J attached. Finally, the undersigned has spoken with a Georgia consumer lawyer, Justin T. Holcombe who advised that his firm would attempt to collect on the debt for a 50% contingency plus expenses. In light of the circumstances, Plaintiff requests that the future costs of collection be added to the total judgment in the event that said collection attempts are successful. Therefore, Plaintiff is requesting a total Judgment amount of $10,500.00.

I declare under the penalty of perjury that the forgoing is true and correct.

Respectfully submitted,

Dated: January 9, 2013

By: /s/ Rex Anderson
Rex C. Anderson, Esq.
Attorney for Plaintiff
9459 Lapeer Road Suite 101
Davison, MI 48423
810-653-3300