## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made on this June 21, 2012, by and between Lawrence Black ("Black"), and RSB Equity Group, LLC ("RSB") which includes any and all liability for its employee, Cynthia Philips, (hereinafter "PHILLIPS").

**WHEREAS,** Black has asserted certain claims against RSB alleging violation(s) of the federal Fair Debt Collection Practices Act, § 1692, et seq. ("FDCPA") and Michigan state law in connection with telephone calls he alleges he received.

**WHEREAS,** RSB denies the Claims asserted by Black.

**WHEREAS,** Black and RSB desire to avoid litigation expenses, the uncertainties of litigation and resolve the claims that have been alleged by Black.

**NOW, THEREFORE,** in consideration of the mutual covenants, agreements, promises, and releases provided for herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged;

1. **Definitions**

    A. "Black Related Persons" shall mean Black's spouse, family, successors, assigns, agents, servants, heirs, executors, administrators, representatives, insurers, employees, attorneys, beneficiaries and all others claiming through him.

    B. "RSB Related Persons" shall mean the predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint ventures, partners, insurers, officers, directors, shareholders, managers, employees (including but not limited to: Cynthia Philips), agents, servants, representatives, officials, attorneys, associates and trustees of RSB.

    C. "Agreement" shall mean this Settlement Agreement and Release.

    D. "Parties" shall mean Black and RSB and PHILLIPS.

    E. "Claims" shall mean claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums, of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected, of whatever type or nature. Claims shall also include but not be limited to any federal, state or local statutory or regulatory claim, any tort claim and/or any contract claim.

2. **Release**



EXHIBIT F

2:12-cv-11671-GER-LJM Doc # 9-6 Filed 01/10/13 Pg 2 of 6 Pg ID 49
Jul. 2. 2012 3:14PM   North Point Executive Suites                    No. 1561   P. 3

In consideration of the payment of $7,500.00 (Seven Thousand Five Hundred Dollars and 00/100 Cents), payable by check to "Rex Anderson, P.C.", FEIN #: 38-3233524, Black for himself and Black Related Persons, release, romise and forever discharge RSB and RSB Related Persons of and from any and all Claims that Black and Black Related Persons asserted or could have asserted against RSB and RSB Related Persons.

3. **Confidentiality**

The Parties agree that the terms and conditions of this Agreement, the amount of the settlement (including any reference to the range of settlement), all offers or counteroffers, all non-publicly disclosed facts, information, documents and/or details about the claims, and all other aspects of negotiations between the Parties are confidential and shall not be disclosed or revealed by them, except as specified below. Black specifically agrees that he will not transmit any press release or other information to the media about the Agreement or its terms and that they will not otherwise publish any information about the Agreement or its terms. The Parties expressly agree that the terms and conditions of this Agreement may be disclosed:

a. By RSB to RSB Related Person its Accountants and or its regulators in the event that RSB determines, in its sole discretion, that such disclosure is necessary;

b. By Black to his tax return preparer, the IRS, accountants, auditors, or attorneys in the event that Black determines, in his sole discretion, that such disclosure is necessary;

c. By any of the Parties if necessary to enforce or litigate over any provision of this Agreement; and

d. To the extent required by law.

In the event a court or other legal body shall compel disclosure or production of this Agreement or any part hereof, the party compelled to disclose will provide immediate written notice to the non-disclosing party or its attorney.

4. **Representations and Warranties**

The Parties acknowledge, warrant and represent that:

a. the only representations of law or fact on which they have relied are expressly set forth in the Agreement, they disclaim any reliance in executing the Agreement on any representations not contained herein, and no other representations or inducements by the opposing party, the opposing party's attorney, agent or representative, or any other party, have caused [him/her] or it, respectively, to execute the Agreement;

b. the Parties had the opportunity to seek and rely upon the advice of their counsel in the negotiation and execution of this Agreement;

8. **Credit Reporting**

DELETED

9. **Dismissal of Action**

Counsel for Black shall prepare, execute, circulate and file as necessary a Notice or Stipulation of Dismissal with Prejudice and Proposed Order with the Court in the Action.

10. **Payment Deadline**

The validity of this agreement shall be dependent upon the receipt of a series of six monthly payments in the amount of $1250.00 to be received by Plaintiff's counsel by the first of each month commencing on July 1, 2012. Payment in full shall be made by way of checks or other valid form of payments of the settlement proceeds to be received by Plaintiff's representative on or before the first day of January 1, 2013. This agreement also contemplates a ten-day "grace" period for any late payments.

11. **Notice to Parties**

In the event that notice to one of the Parties must be provided under the terms of this Agreement, this Agreement is satisfied and notice is deemed provided by sending the required notice and/or documents and materials via certified U.S. Mail, with postage prepaid, to the respective addresses:

a. For Black:  Rex Anderson, P.C.
9459 Lapeer Road
Davison, MI 48423
Attn: Rex Anderson, Esq.

b. For RSB:  Roy Mullman
599 W Crossville Road
Suite 111
Roswell GA 30075

12. **Governing Law**

This Agreement shall be subject to, governed by, and construed and enforced pursuant to the laws of the State of Michigan.

13. **Severability**

The Parties agree that if any court or tribunal of competent jurisdiction determines that any provision of this Agreement is illegal, invalid or unenforceable, such illegal, invalid or unenforceable provision shall be severed from the Agreement and the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect.

c.  no tax advice has been offered or given by either party in the course of these negotiations, and each party is relying upon the advice of his or its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement;

d.  the Parties subsequently may discover facts different from or in addition to those now known or believed to be true regarding the subject matter of this Agreement, and agree that this Agreement shall remain in full force and effect notwithstanding the existence or discovery of any such different or additional facts; and

e.  the Parties mutually drafted this Agreement and therefore this Agreement shall not be construed more strictly against any party.

Additionally, Black warrants and represents that he is the sole and absolute legal and equitable owner of the Claims covered by this Agreement and the release in Section 2; that Black's Claims have not been assigned, transferred or disposed of in fact, by operation of law or in any matter whatsoever; and that he has the full right and power to execute and deliver the release in Section 2 and the other agreements contained herein. Further RSB warrants that it will not 1099 Black for any settlement proceeds and that the only 1099 RSB issues will be to Rex Anderson PC.

## 5. Merger, Integration and Amendment

The Parties acknowledge that this Agreement contains the entire agreement of the Parties, that all prior oral or written statements, representations, and covenants are merged into this Agreement, and that any other agreements not expressly stated herein are void and have no further force and effect. The Parties agree that the Agreement may not be amended or modified except by a subsequent, written agreement executed by all of the Parties.

## 6. No Admission of Liability

The Parties agree that this Agreement, its terms and/or the Parties' negotiations of it shall not constitute or be construed as an admission by RSB and RSB Related Persons of the truth of any of the allegations made or of any liability, fault, or wrongdoing of any kind whatsoever. This Agreement or any of its terms shall not be offered as or received into evidence by Black in any pending or future civil, criminal or administrative proceeding or action against Black and RSB Related Persons hereto in any court, administrative agency or other tribunal, for any purpose whatsoever, except as may be necessary to enforce or to effectuate the terms of this Agreement or by court order.

## 7. Debt Satisfaction

DELETED.

14. Counterparts

This Agreement may be executed in one or more counterparts, all of which taken together shall constitute one instrument.

**THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.**

THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE, FULLY UNDERSTAND IT, AND AGREE TO THE TERMS SET FORTH HEREIN.

Lawrence Black

*/s/ Lawrence Black/*

State of Michigan )
County of ~~Genesee~~ Wayne ) ss:

On 7-3, 2012, before me personally came Lawrence Black, to me known, and known to me to be the individual described in, and who executed the foregoing SETTLEMENT AGREEMENT AND RELEASE, and duly acknowledged to me that he executed the same.

*/s/ Ronald F. Vensko/*
NOTARY PUBLIC

> RONALD F VENSKO
> NOTARY PUBLIC - STATE OF MICHIGAN
> COUNTY OF WAYNE
> My Commission Expires: March 4, 2015
> Acting in the County of Wayne

RSB Equity Group, LLC

By: */s/ Roy Mullman/*
Roy Mullman
Title: Authorized Officer of RSB Equity Group, LLC
Date: 7/2/2012

State of Georgia )
County of Fulton ) ss:

On 7/2/2012, 2012, before me personally came Roy Mullman, to me known, and known to me to be the individual described in, and who executed the foregoing SETTLEMENT AGREEMENT AND RELEASE, and duly acknowledged to me that he executed the same.

*/s/ Phoebe Freund/*
NOTARY PUBLIC

PHOEBE FREUND
NOTARY PUBLIC
FULTON COUNTY, GA
MY COMM EXP. 5-2-14